# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2905

_____

| | | |
|---|---|---|
| Thomas L. Pertuis, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Kenneth S. Apfel, Social | * | Western District of Arkansas |
| Security Administration | * | |
| Commissioner, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 16, 1998

Filed: August 20, 1998

_____

Before BOWMAN,[1] Chief Judge, and McMILLIAN and MURPHY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

_____

[1]The Honorable Pasco M. Bowman succeeded the Honorable Richard S. Arnold as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998.

Thomas L. Pertuis, Jr. (claimant) appeals from a final order entered in the United States District Court[2] for the Western District of Arkansas granting summary judgment in favor of the Commissioner of Social Security and affirming the decision of the administrative law judge (ALJ) denying claimant social security disability insurance benefits pursuant to 42 U.S.C. §§ 416(I), 423 and supplemental security income benefits pursuant to 42 U.S.C. § 1381a. Pertuis v. Callahan, No. 96-6118 (W.D. Ark. June 11, 1997) . For reversal, claimant argues that the district court erred in holding that substantial evidence in the administrative record supports the ALJ's determination that he was not disabled within the meaning of the Social Security Act during the relevant time period.

Jurisdiction in the district court was proper based upon 42 U.S.C. § 405(g). Jurisdiction in this court is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

We have carefully reviewed the record and the parties' arguments on appeal. Upon review of the record, we find no merit to claimant's argument that the ALJ posed an improper hypothetical question to the vocational expert (VE) because the question failed to take into account all of claimant's debilitating conditions. The ALJ based his hypothetical question upon those limitations which he found to be credible and supported by the evidence. The limitations which the ALJ included in his hypothetical question were proper and supported by the evidence. See, e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1323 (8th Cir. 1991) (while hypothetical question must accurately set forth all of the claimant's impairments, the question need only include those limitations accepted by the ALJ as true). Moreover, substantial evidence in the record as a whole supports the ALJ's conclusion, based upon the VE's testimony, that there were jobs

---

[2]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas.

in significant numbers in the national economy which claimant could perform during the relevant time period.  <u>See, e.g.</u>, <u>Cruze v. Chater</u>, 85 F.3d 1320, 1326 (8th Cir.

1996) (holding that substantial evidence supported the ALJ's decision where the vocational expert testified, in response to a proper hypothetical question, that the claimant would be able to perform jobs existing in significant numbers in the national economy). Accordingly, we agree with the district court that substantial evidence in the administrative record supports the ALJ's conclusion that claimant was not disabled within the meaning of the Social Security Act during the relevant time period.

The order of the district court is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

U.S. COURT OF APPEALS, EIGHTH CIRCUIT.